IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RODERICK WAYNE WILLIS,

               Plaintiff

   VS.

CURTIS JOHNSON, *et al.*,

               Defendants

NO. 5:03-CV-1 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

On November 30, 2007, the remaining defendants herein filed a motion seeking summary judgment against plaintiff Roderick Wayne Willis. Tab #58. The motion is accompanied by numerous exhibits and affidavits, as well as a supporting brief, and a Statement of Undisputed Material Facts. Tabs #59 and #60. On January 17, 2008, the undersigned directed the plaintiff to file a response to the motion within thirty days of receipt of that order. Tab #62. Plaintiff Willis has failed to respond to that order and has failed to provide *any* evidence on his behalf in response to the defendants' motion. However, before granting an unopposed motion for summary judgment, it is the responsibility of the court to ensure that the summary judgment standard has been met.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc*.**, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc*.**, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

**DISCUSSION**

Although the court must view all evidence in the light most favorable to the plaintiff, plaintiff Willis has failed to provide a legal response to the defendant's motion, a statement of disputed facts, or any evidence to contradict the defendants' assertions. Accordingly, the only evidence upon which this court can rely in ruling on the defendants' motion comes from the defendants' exhibits which have been carefully reviewed by the undersigned.

The remaining grounds upon which the plaintiff seeks relief include allegations that different defendants (1) improperly forced him to take medication, (2) improperly removed the plaintiff's medical profile card, (3) failed to provide adequate medical care in one specific visit with a doctor, and (4) refused to provide the plaintiff with the medical profiles that he felt he needed. The defendants have provided evidence refuting each of the plaintiff's contentions, and that evidence in uncontroverted.

Specifically, with respect to the plaintiff's first claim, the defendants have provided the affidavit of defendant Officer Stokes which states that Stokes stopped plaintiff from leaving the medical area with his medication as is mandated by the prison standard operating procedures. Such is not a constitutional violation.

As to the plaintiff's second claim, defendant Sergeant Walker's affidavit explains that although he took the plaintiff's profile card, he also promptly returned the card to the plaintiff's pocket. Such is not a constitutional violation.

Plaintiff Willis' third contention concerns a visit with defendant Dr. Burnside: on what was scheduled to be a chronic care visit (relating to the plaintiff's hepatitis C) with Dr. Burnside, plaintiff was not treated for symptoms unrelated to his chronic disease. Rather, Dr. Burnside told the plaintiff that he would have to submit a separate sick call slip for his medical complaints which were unrelated to the chronic care for his hepatitis. Such refusal of treatment is appropriate and therefore not violative of the Eighth Amendment's prohibition against cruel and unusual punishment.

Plaintiff's final claim deals with whether defendant Nurse Connie Kilgore should have given the plaintiff a "no long standing" or "soft shoe" profile. The plaintiff has provided no medical evidence in support of his contention that such profiles were necessary. Accordingly, judgment in Nurse Kilgore's favor is appropriate.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The Clerk is directed to serve plaintiff with a copy of this Recommendation at the LAST ADDRESS provided by him.

SO RECOMMENDED this 3rd day of JUNE, 2008.



    CLAUDE W. HICKS, JR.
    UNITED STATES MAGISTRATE JUDGE